**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROSALIO SALAZAR-RAMIREZ, : | **Hon. Noel L. Hillman** |
| Petitioner, : | |
| : | Civil No. 11-3068 (NLH) |
| v. : | |
| DONNA ZICKEFOOSE, : | |
| : | **O P I N I O N** |
| Respondents. : | |

**APPEARANCES:**

    ROSALIO SALAZAR-RAMIREZ, #27572-177
    FCI Fort Dix
    P.O. Box 2000
    Fort Dix, NJ  08640
    Petitioner Pro Se

**HILLMAN**, District Judge

Rosalio Salazar-Ramirez ("Petitioner"), an inmate incarcerated at FCI Fort Dix in New Jersey, filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, challenging the denial of a transfer to a prison located within 500 miles of his family in Texas.  This Court will summarily dismiss the Petition for lack of jurisdiction, without prejudice to any right Petitioner may have to assert his claim in a properly filed action of the kind authorized by Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1]

---

[1] This Court has not evaluated the merits of any Bivens claim.

## I.   BACKGROUND

On October 12, 2007, United States District Judge Terry R. Means sentenced Petitioner to an aggregate 181-month term of incarceration after a jury in the Northern District of Texas found him guilty of conspiracy to possess with intent to distribute 500 or more grams of methamphetamine and possession of a firearm in relation to a drug trafficking case.  See United States v. Salazar-Ramirez, Crim. No. 06-0021-Y Judgment (N.D. TX Oct. 12, 2007).  On February 25, 2009, the United States Court of Appeals for the Fifth Circuit affirmed the conviction and sentence.  See United States v. Salazar-Ramirez, C.A. No. 07-10680 Opinion (5th Cir. Feb. 25, 2009).

Petitioner asserts that he has been incarcerated at FCI Fort Dix since January 2008.  On September 14, 2010, Petitioner submitted an informal administrative remedy requesting that he be transferred to a facility closer to his family in Fort Worth, Texas, since his son is ill and the distance between New Jersey and Texas is so great that his family can rarely see him. (Docket Entry #1, p. 13.)  Petitioner's correctional counselor denied the request because transfers closer to family members do not apply to non-citizens.  (Id. at 14.)  Petitioner submitted an administrative remedy request for a transfer to Warden Zickefoose and on October 18, 2010, Warden Zickefoose denied the request because Program Statement 5100.08 provides that inmates with an immigration detainer, such as Petitioner, are not eligible for a

transfer to be near the place of residence upon release.  (Id. at 16.)  On January 4, 2011, J.L. Norwood, Northeast Regional Director, denied Petitioner's appeal of the denial of a transfer.  (Id. at 18.)  On March 9, 2011, Harrell Watts, Administrator of National Inmate Appeals, denied Petitioner's appeal.  (Id. at 20.)

Petitioner asserts that, although he is a citizen of Mexico, his children, aged five, 11 and 14, are American citizens.  He states that his request for a transfer to be closer to his family is based on the condition of his 11-year-old son, who suffers with convulsions, and his sick mother.  Plaintiff argues that "BOP failed to properly consider Mr. Salazar-Ramirez request that was based on the condition of his ILL SON and his MOTHER who is very sick as he explain[ed] in his request to the BOP staff."  (Id. at 5.)  Petitioner seeks a Writ of Habeas Corpus ordering the Bureau of Prisons to transfer him closer to his family in Fort Worth, Texas.

## II.  STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  Habeas Rule 2(c) requires a § 2254 petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under

penalty of perjury.  28 U.S.C. § 2254 Rule 2(c), applicable through Rule 1(b).

Habeas Rule 4 requires a judge to sua sponte dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856.  Dismissal without the filing of an answer has been found warranted when "it appears on the face of the petition that petitioner is not entitled to [habeas] relief." Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [petitioner] to [habeas] relief"); see also Mayle v. Felix, 545 U.S. 644, 655 (2005).

### III.  DISCUSSION

A. Jurisdiction

Section 2241 of Title 28 provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless – . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

4

Lack of subject matter jurisdiction may be raised by the Court sua sponte at any time. See Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986); Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149, 152 (1908); Van Holt v. Liberty Mutual Fire Ins. Co., 163 F.3d 161, 166 (3d Cir. 1998). Federal law provides two avenues of relief to prisoners: a petition for habeas corpus and a civil rights complaint. See Muhammad v. Close, 540 U.S. 749, 750 (2004). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . [and] requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Id. The United States Court of Appeals for the Third Circuit explained the distinction between the availability of civil rights and habeas relief as follows:

> [W]henever the challenge ultimately attacks the "core of habeas" - the validity of the continued conviction or the fact or length of the sentence - a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002); see also McGee v. Martinez, 627 F. 3d 933, 936 (3d Cir. 2010) ("the fact that a civil rights claim is filed by a prisoner rather than by

5

an unincarcerated individual does not turn a § 1983 case or a Bivens action into a habeas petition").

In this Petition, Petitioner seeks an order directing the Bureau of Prisons to transfer him to a prison closer to his family in Fort Worth, Texas.  In Woodall v. Federal Bureau of Prisons, 432 F. 3d 235, 243-44 (3d Cir. 2005), the Third Circuit held that a district court has jurisdiction under § 2241 to entertain a federal prisoner's challenge to the failure to transfer him to a community corrections center ("CCC"), pursuant to a federal regulation.  In holding that habeas jurisdiction exists over this aspect of the execution of the sentence, the Court of Appeals distinguished transfer to a CCC from a transfer between prisons:

> Carrying out a sentence through detention in a CCC is very different from carrying out a sentence in an ordinary penal institution. More specifically, in finding that Woodall's action was properly brought under § 2241, we determine that placement in a CCC represents more than a simple transfer. Woodall's petition crosses the line beyond a challenge to, for example, a garden variety prison transfer.
>
> The criteria for determining CCC placement are instrumental in determining how a sentence will be "executed." CCCs and similar facilities, unlike other forms of incarceration, are part of the phase of the corrections process focused on reintegrating an inmate into society. The relevant statute specifically provides that a prisoner should be placed in a CCC or similar institution at the end of a prison sentence to "afford the prisoner a reasonable opportunity to adjust to and prepare for ... re-entry into the community." 18 U.S.C. § 3624. CCCs thus

6

> satisfy different goals from other types of confinement. We have noted the relatively lenient policies of CCCs as compared to more traditional correctional facilities. CCC pre-release programs often include an employment component under which a prisoner may leave on a daily basis to work in the community. Inmates may be eligible for weekend passes, overnight passes, or furloughs. See United States v. Hillstrom, 988 F.2d 448 (3d Cir.1993); see also United States v. Latimer, 991 F.2d 1509, 1513 (9th Cir.1993) (emphasizing that community confinement is "qualitatively different" from confinement in a traditional prison).
>
> Given these considerations, and the weight of authority from other circuits . . . , we conclude that Woodall's challenge to the BOP regulations here is a proper challenge to the "execution" of his sentence, and that habeas jurisdiction lies.

Woodall, 432 F.3d at 243-244 (footnotes omitted).

Petitioner in this case challenges the denial of a request to transfer him from a facility in New Jersey to a facility in Texas. However, because habeas relief is available only when prisoners "seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the [government's] custody," Wilkinson v. Dotson, 544 U.S. 74, 81 (2005), and Petitioner does not seek either speedier release or a judicial determination that necessarily implies the unlawfulness of his incarceration, this Court lacks habeas jurisdiction. See McCall v. Ebbert, 2010 WL 2500376 (3d Cir. Jun. 21, 2010) (District Court properly

7

dismissed for lack of jurisdiction § 2241 petition challenging transfer to increased security level and conditions of confinement); <u>Zapata v. United States</u>, 264 Fed. App'x. 242 (3d Cir. 2008) (District Court lacks jurisdiction under § 2241 to entertain inmate's challenge to prison transfer); <u>Ganim v. Federal Bureau of Prisons</u>, 2007 WL 1539942 (3d Cir. May 29, 2007) (same); <u>Bronson v. Demming</u>, 56 Fed. App'x. 551, 553-54 (3d Cir. 2002) (habeas relief is unavailable to inmate seeking release from disciplinary segregation to general population, and district court properly dismissed habeas petition without prejudice to any right to assert claims in properly filed civil complaint).  The Court will therefore dismiss the Petition without prejudice to any right Petitioner may have to assert his claim in a properly filed complaint, pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).[2]  <u>Id.</u>

---

[2] The filing fee for a habeas petition is $5.00, and inmates filing a habeas petition who are granted <u>in forma pauperis</u> status do not have to pay the filing fee.  <u>See</u> <u>Santana v. United States</u>, 98 F. 3d 752 (3d Cir. 1996) (filing fee payment requirements of Prison Litigation Reform Act do not apply to <u>in forma pauperis</u> habeas corpus petitions and appeals).  In contrast, the filing fee for a <u>Bivens</u> complaint is $350.00.  Inmates filing a <u>Bivens</u> complaint who proceed <u>in forma pauperis</u> are required to pay the entire filing fee in monthly installments, which are automatically deducted from the prison account.  <u>See</u> 29 U.S.C. § 1915(b).  In addition, if a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action <u>in forma pauperis</u> unless he or she is in imminent danger of serious physical injury.  <u>See</u> 28
(continued...)

### III.   CONCLUSION

Based on the foregoing, the Court dismisses the Petition without prejudice to any right Petitioner may have to assert his claims in a properly filed civil complaint.


                                            /s/ Noel L. Hillman
                                            **NOEL L. HILLMAN**, District Judge

Dated:  August 23, 2011

At Camden, New Jersey

---

[2](...continued)
U.S.C. § 1915(g).  Because of these differences, this Court will not sua sponte recharacterize this pleading as a civil complaint. If Petitioner chooses to bring a civil complaint, he may do so by filing a complaint in a new docket number and either prepaying the $350 filing fee or applying to proceed in forma pauperis.